|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

### CIVIL MINUTES -- GENERAL

Case No.  **CV 11-3710-JFW (VBKx)**                                    Date: November 8, 2011

Title:    Cardiac Science Corporation -v- LifeCor, Inc., et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**                **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                        None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;

ORDER DENYING AS MOOT DEFENDANTS ZOLL MEDICAL CORPORATION AND ZOLL LIFECOR CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS [filed 10/6/2011; Docket No. 73]

    On April 29, 2011, Plaintiff Cardiac Science Corporation ("Plaintiff") filed a Complaint in this Court against Defendants LifeCor, Inc. and Zoll Medical Corporation, alleging that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  On July 25, 2011, Plaintiff filed a First Amended Complaint that added Zoll LifeCor Corporation as a defendant.  In Plaintiff's First Amended Complaint, Plaintiff also alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

    Although the Court had subject matter jurisdiction at the time Plaintiff filed its original Complaint, the Court no longer has subject matter jurisdiction over this action due to the addition of Zoll LifeCor Corporation as a defendant.  Both Plaintiff and Defendant Zoll LifeCor Corporation are incorporated in Delaware, and thus are both citizens of Delaware.  *See* First Amended Complaint at ¶¶ 1,3; Zoll Medical Corporation and Zoll LifeCor Corporation's Answer to Plaintiff's Amended

Complaint at ¶ 3.  Although diversity is generally determined as of the time of filing of the complaint, "[i]n the case of an amended complaint which joins new parties, . . . the diversity must exist at the time of the amendment." *China Basin Properties, Ltd. v. Allendale Mutual Ins. Co.*, 818 F. Supp. 1301, 1303 (N.D. Cal. 1992) (citing *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966)).  Accordingly, because the parties in the First Amended Complaint are not completely diverse, the Court lacks subject matter jurisdiction over this action.[1]

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.  Defendants Zoll Medical Corporation and Zoll LifeCor Corporation's Motion for Summary Judgment on Statute of Limitations is **DENIED as moot.**

IT IS SO ORDERED.

---

[1] Although Plaintiff seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Declaratory Judgment Act merely creates a remedy in actions otherwise within the Court's jurisdiction, i.e., there must be an independent basis for the court's jurisdiction. *American Cas. Co. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999).